1   S. D. Narayan, Esq. (SBN 130964)
    Gregory M. Franchi, Esq. (SBN 133705)
2   THE NARAYAN LAW FIRM
    2040 Pioneer Court, Second Floor
3   San Mateo, California 94403
    Telephone: (650) 403-0150
4   Facsimile: (650) 403-0157

5   Attorneys for Defendant
    The Federal Deposit Insurance Corporation,
6   as Receiver for Washington Mutual Bank
    (erroneously sued as Washington Mutual Bank, FA)

*FILED*

*JUL - 6 2011*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT*
*NORTHERN DISTRICT OF CALIFORNIA*

*E-filing*

*EDL*

7

8

9                UNITED STATES DISTRICT COURT
10     NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

11   GEORGE MACHABELI and
    KHATUNA MACHABELI,         Case No. **CV 11 3300**

12                  **THE FEDERAL DEPOSIT**
13        Plaintiffs,            **INSURANCE CORPORATION, AS**
                     **RECEIVER FOR WASHINGTON**
14                  **MUTUAL BANK'S NOTICE OF**
    WASHINGTON MUTUAL BANK, FA;     **REMOVAL OF ACTION TO THE**
15   a business entity; JPMORGAN CHASE    **UNITED STATES DISTRICT**
    BANK, N.A., a business entity; and      **COURT, NORTHERN DISTRICT OF**
16   DOES 1 through 100, inclusive,        **CALIFORNIA**

17                  [San Francisco County Superior Court
                     Case No. CGC 10-504456]
18        Defendants.
                     /    Action Filed: February 24, 2011

19      **TO THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT**

20   **OF CALIFORNIA, AND TO PLAINTIFFS GEORGE MACHABELI and**

21   **KHATUNA MACHABELI and their Counsel:**

22      **PLEASE TAKE NOTICE** that Defendant THE FEDERAL DEPOSIT

23   INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON MUTUAL

24   BANK ("FDIC"), contemporaneously with the filing of this Notice, is effecting the

25   Removal of the above-referenced action from the Superior Court of the State of California

26   for the County of San Francisco, to the District Court of the United States, Northern

27   District of California.

28

THE NARAYAN LAW FIRM
2040 PIONEER COURT, SECOND FLOOR
SAN MATEO, CA 94403
TELEPHONE (650) 403-0150 FACSIMILE (650) 403-0157
email: narayanlaw@narayanlaw.com

1      FDIC is an independent Federal Government agency and was appointed the

2 Receiver for WASHINGTON MUTUAL BANK, F.A. ("WaMu"), which failed on or

3 about September 25, 2008. (Please see Exhibit A, a true and correct copy of the Office of

4 Thrift Supervision Order directing FDIC to act as Receiver for WaMu, also publicly

5 available at http://files.ots.treas.gov/680024.pdf). In its capacity as Receiver for the failed

6 depository institution, FDIC succeeds by operation of law to all of WaMu's rights,

7 obligations, assets, and liabilities. *See* 18 U.S.C. § 1821(c).

8      Plaintiffs filed their Complaint in San Francisco County Superior Court against

9 Defendants WASHINGTON MUTUAL BANK, FA, a business entity ("WaMu"); JP

10 MORGAN CHASE BANK, N.A., a business entity ("JP Morgan"); and DOES 1-100, on

11 October 6, 2010.  Defendant JP MORGAN filed a Demurrer to Plaintiffs' Complaint and

12 the trial court sustained with leave to amend on February 17, 2011.  Plaintiffs

13 subsequently filed a First Amended Complaint on February 24, 2011,  in San Francisco

14 County Superior Court of California, Case No. CGC 10-504456. (Please see Exhibit B,

15 Plaintiffs' First Amended Complaint). Plaintiffs allege that they were deceived into

16 multiple loan refinances.  In their First Amended Complaint, Plaintiffs now seek to clear

17 their title of all encumbrances, as well as recover actual and punitive damages and unjust

18 enrichment against all Defendants. Accordingly, FDIC seeks Removal based upon the

19 following grounds:

20      1.     This action has been removed to this Court pursuant to 12 U.S.C. § 1819(b).

21 The FDIC is an agency of the United States pursuant to 12 U.S.C. § 1819(b)(1). This suit

22 is one of a civil nature, over which the United States District Court has original

23 jurisdiction, and all civil suits against the FDIC in any capacity are deemed to arise under

24 the laws of the United States. *See* 12 U.S.C. § 1819(b)(2)(A).

25      2.     Removal of this action is authorized by 12 U.S.C. § 1819(b)(2)(B), which

26 provides that the FDIC shall be entitled to remove within ninety (90) days of the filing of a

27 Complaint in state court, or within 90 days of the substitution of the FDIC as a party.

28

FDIC, AS RECEIVER FOR WASHINGTON MUTUAL BANK'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT
COURT, NORTHERN DISTRICT OF CALIFORNIA  (FDIC-020)

1          3.      Removal to the San Francisco Division of the Northern District is proper as

2   Plaintiffs' properties, the subject properties in this case, are located at 1439 12th Avenue,

3   San Francisco, California and 1843 34th Avenue, San Francisco, California, in the County

4   of San Francisco. (Please see Exhibit B, Plaintiffs' First Amended Complaint, at page 1,

5   line 26 and Page 2, line 2). Furthermore, the state court action was filed in San Francisco

6   County.

7          4.      All of the process, pleadings, and orders in the state court action which were

8   served on this Defendant, are attached hereto as Exhibit C.

9

10  DATED: July 6, 2011                          THE NARAYAN LAW FIRM

11

12                                               S. D. Narayan
                                                 Attorney for Defendant
13                                               THE FEDERAL DEPOSIT INSURANCE
                                                 CORPORATION, AS RECEIVER FOR
14                                               WASHINGTON MUTUAL BANK

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FDIC, AS RECEIVER FOR WASHINGTON MUTUAL BANK'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT
COURT, NORTHERN DISTRICT OF CALIFORNIA  (FDIC-020)

# EXHIBIT A

OFFICE OF THRIFT SUPERVISION

**Receivership Of A Federal Savings Association**

|  |  |
|---|---|
| **Date:** | September 25, 2008 |
| **Order No.:** | 2008-36 |
| **OTS No.:** | 08551 |

The Director of the Office of Thrift Supervision (OTS), or his designee, in cooperation with the Federal Deposit Insurance Corporation (FDIC), has determined to appoint the FDIC as receiver of Washington Mutual Bank, Henderson, Nevada (Savings Bank).

## GROUNDS FOR APPOINTMENT OF FDIC AS RECEIVER FOR THE SAVINGS BANK

The Director, or his designee, based upon the administrative record finds and determines the following:

(i)  The Savings Bank is likely to be unable to pay its obligations or meet its depositors' demands in the normal course of business; and

(ii)  The Institution is in an unsafe or unsound condition to transact business.

The Savings Bank is a Federally chartered savings bank, the accounts of which are insured by the Deposit Insurance Fund (DIF). The Savings Bank has its home office in Henderson, Nevada. As of June 30, 2008, the Savings Bank reported total assets of $307 billion.

## DISCUSSION OF GROUNDS FOR APPOINTMENT OF A RECEIVER FOR THE SAVINGS BANK

Section 5(d)(2)(A) of the Home Owners' Loan Act (HOLA), 12 U.S.C. § 1464(d)(2)(A), provides that the Director may appoint a receiver for any insured savings association if the Director determines that one or more grounds specified in section 11(c)(5) of the Federal Deposit Insurance Act (FDIA), 12 U.S.C. § 1821(c)(5), exist.

Under section 11(c)(5)(F) of the FDIA, the Director may appoint a receiver if a savings association is likely to be unable to pay its obligations or meet its depositors' demands in the normal course of business because it does not have sufficient liquid assets to fund expected withdrawals. The Savings Bank has insufficient cash and liquid assets convertible to cash necessary to pay its obligations and the expected withdrawal demands of its depositors. The Savings Bank has suffered significant cash outflows, exceeding

Order No.: 2008-36
Page: 2

$22 billion since July 2008, in part because of adverse publicity. The Savings Bank has limited and diminishing liquidity sources available to it and the current rate of outflow will deplete the Savings Bank's cash resources and liquidity within a short period of time.

Therefore, the Director concludes that the Savings Bank is likely to be unable to pay its obligations or meet its depositors' demands in the normal course of business because it does not have sufficient liquid assets to pay those obligations and fund the expected withdrawals.

Under section 11(c)(5)(C) of the FDIA, the Director may appoint a receiver if a savings association is in an unsafe or unsound condition to transact business. The Savings Bank is in an unsafe and unsound condition as a result of its severe liquidity strain, deteriorating asset quality, and continuing significant negative operating earnings with no realistic prospects for raising capital to ensure that it can repay all of its liabilities, including deposits.

The Director, or his designee, therefore, has determined that grounds for the appointment for a receiver for the Savings Bank exist under section 5(d)(2) of the HOLA, and sections 11(c)(5)(C) and (F) of the FDIA, 12 U.S.C. §§ 1821(c)(5)(C) and (F).

## ACTIONS ORDERED OR APPROVED

### Appointment of a Receiver

The Director, or his designee, hereby appoints the FDIC as receiver for the Savings Bank, for the purpose of liquidation, pursuant to section 5(d)(2) of the HOLA, and section 11(c)(6)(B) of the FDIA, 12 U.S.C. § 1821(c)(6)(B).

### Delegation of Authority to Act for OTS

The Director, or his designee, hereby authorizes the OTS West Regional Director, or his designee, and the Deputy Chief Counsel for the Business Transactions Division of the Chief Counsel's office, or his designee, to: (i) certify orders; (ii) sign, execute, attest, or certify other documents of OTS issued or authorized by this Order; (iii) designate the persons or entity that will give notice of the appointment of a receiver for the Savings Bank and serve the Savings Bank with a copy of this Order pursuant to 12 C.F.R. § 558.2; and (iv) perform such other functions of OTS necessary or appropriate for implementation of this Order. All documents to be issued under the authority of this Order must be first approved, in form and content, by the Chief Counsel's Office. In addition, the Director, or his designee, hereby authorizes the Deputy Chief Counsel for the Business Transactions Division of the Chief Counsel's office, or his designee, to

Order No.: 2008-36
Page: 3

make any subsequent technical corrections, that might be necessary, to this Order, or any documents issued under the authority of this Order.

By Order of the Director of OTS, effective September 25, 2008.

John M. Reich
Director

# EXHIBIT B

4/05/2011        FIRST LEGAL        4156261331



THEODORE E. BACON (CA Bar No. 115395)
tbacon@AlvaradoSmith.com
HEATHER E. ABELSON (CA Bar No. 243691)
habelson@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
350 Sansome Street, Suite 300
San Francisco, CA 94104
Tel: (415) 624-8665
Fax: (415) 391-1751

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| GEORGE MACHABELI, an individual, and KHATUNA MACHABELI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, FA, a business entity; JP MORGAN CHASE BANK, N.A., a business entity; and Does 1 through 100, Inclusive,<br><br>Defendants. | CASE NO.: CGC 10-504456<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**ACTION FILED:**    October 6, 2010 |

Defendant JPMorgan Chase Bank, N.A. ("JPMorgan" or "Defendant") responds to the unverified First Amended Complaint ("Complaint") of plaintiffs George Machabeli and Khatuna Machabeli ("Plaintiffs"), as follows:

## GENERAL DENIAL

1.      Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation in the unverified Complaint, and the whole thereof. Defendant further denies, generally and specifically, that Plaintiffs have been damaged in any sum or sums at all by reason of any acts, conduct or omissions on the part of Defendant or its agents, representatives or employees.

1

1187755.1

As separate and distinct affirmative defenses to the Complaint, Defendant alleges as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State Cause of Action)

2.      The Complaint, and each cause of action contained therein, fails to set forth facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

3.      The Complaint, and each cause of action contained therein, is barred by applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

#### (Estoppel)

4.      Plaintiffs are estopped from asserting and/or recovering on any claims against Defendant by reason of Plaintiffs' own acts, omissions, and conduct.

### FOURTH AFFIRMATIVE DEFENSE

#### (Lack of Consideration)

5.      Plaintiffs' claims and contentions as alleged in the Complaint are barred by virtue of lack of consideration.

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure of Consideration)

6.      Plaintiffs' claims and contentions as alleged in the Complaint are barred by virtue of failure of consideration.

### SIXTH AFFIRMATIVE DEFENSE

#### (Waiver)

7.      Plaintiffs are barred by the equitable doctrine of waiver from asserting any claim against Defendant.

///

///

1187755.1

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8.      Plaintiffs are barred by the equitable doctrine of unclean hands from asserting any claim against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Privilege)

9.      The Complaint, including each cause of action contained therein, is barred by virtue of the fact that all of the acts alleged therein to have been performed by Defendant was privileged or justified, if performed at all.

## NINTH AFFIRMATIVE DEFENSE

### (No Damages)

10.      The Complaint, including each cause of action contained therein, is barred because Plaintiffs have not suffered, and have not properly pled, damages as a result of the conduct alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

11.      Plaintiffs are barred from recovering monetary damages from Defendant or any other relief against Defendant to the extent Plaintiffs failed to mitigate or reasonably attempted to mitigate their damages as required by law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

12.      The Complaint, and/or each and every purported cause of action contained therein, is barred because Plaintiffs would be unjustly enriched if they prevailed on the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Absence of Fault)

13.      The Complaint, and/or each and every cause of action contained therein, is barred by Plaintiffs' failure to take actions to avoid their damages, if any.

///

3

ANSWER TO FIRST AMENDED COMPLAINT

1187755.1

1     **THIRTEENTH AFFIRMATIVE DEFENSE**

2     **(Plaintiffs' own actions)**

3     14.    The omissions, conduct and voluntary acts of Plaintiffs proximately caused, or

4   otherwise contributed to, the matters of which they complain.

5     **FOURTEENTH AFFIRMATIVE DEFENSE**

6     **(No Proximate Cause)**

7     15.    The Complaint, and/or each and every cause of action contained therein, is barred on

8   the ground that the alleged breach and/or act(s) of Defendant was not the proximate cause of

9   Plaintiffs' alleged damages, if any, and Plaintiffs were not injured or damaged in fact by any of the

10   acts alleged.

11     **FIFTEENTH AFFIRMATIVE DEFENSE**

12     **(Offset)**

13     16.    The Complaint, and/or each and every cause of action contained therein, is barred, in

14   whole or part, by virtue of offsets to which Defendant is entitled by way of Plaintiffs' wrongful

15   conduct.

16     **SIXTEENTH AFFIRMATIVE DEFENSE**

17     **(Ratification)**

18     17.    The Complaint, and/or each and every cause of action contained therein, is barred by

19   Plaintiffs' ratification of the actions allegedly undertaken.

20     **SEVENTEENTH AFFIRMATIVE DEFENSE**

21     **(Consent)**

22     18.    The Complaint, and/or each and every cause of action contained therein, is barred by

23   Plaintiffs' consent.

24     **EIGHTEENTH AFFIRMATIVE DEFENSE**

25     **(Comparative Fault)**

26     19.    Plaintiffs' recovery, if any, must be reduced proportionately to the extent that any

27   damages alleged by Plaintiffs are caused and contributed to by Plaintiffs' own action.

28   ///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LAS FRANCISCO

1187755.1

1    <u>**NINETEENTH AFFIRMATIVE DEFENSE**</u>

2    **(No Cause of Action for Fraud)**

3          20.     Plaintiffs cannot state any claim for Fraud because Plaintiffs cannot establish the

4    requisite elements of a fraud claim.

5    <u>**TWENTIETH AFFIRMATIVE DEFENSE**</u>

6    **(No Cause of Action for Breach of Fiduciary Duty)**

7          21.     Plaintiffs cannot state any claim for Breach of Fiduciary Duty because Defendant did

8    not owe a duty to Plaintiffs.

9    <u>**TWENTY-FIRST AFFIRMATIVE DEFENSE**</u>

10   **(No Cause of Action for Negligence)**

11         22.     Plaintiffs cannot state any claim for Negligence because Defendant did not owe a

12   duty to Plaintiffs, and did not breach any alleged duty.

13   <u>**TWENTY-SECOND AFFIRMATIVE DEFENSE**</u>

14   **(No Cause of Action for Violation of Civil Code Section 2924 et seq.)**

15         23.     Plaintiffs cannot state any claim for Violation of Civil Code Section 2924 because

16   Defendant complied with the reporting requirements set forth in the statute.

17   <u>**TWENTY-THIRD AFFIRMATIVE DEFENSE**</u>

18   **(No Cause of Action for Violation of Business & Professions Code Section 17200 et seq.)**

19         24.     Plaintiffs cannot state any claim for Violation of Business & Professions Code

20   Section 17200 et seq. because Defendant did not engage in any unfair, unlawful or fraudulent

21   conduct with regard to Plaintiffs.

22   <u>**TWENTY-FOURTH AFFIRMATIVE DEFENSE**</u>

23   **(No Assumption of Liability)**

24         25.     Plaintiffs cannot state a claim against Defendant for actions taken by Washington

25   Mutual Bank, FA because Defendant did not assume liability for borrowers claims against

26   Washington Mutual Bank, FA.

27   ///

28   ///

ANSWER TO FIRST AMENDED COMPLAINT

1187755.1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

26.     Punitive damages are not recoverable because Plaintiffs have failed to allege that any officer, director, or managing agent of Defendant had advance knowledge and with conscious disregard, authorized or ratified the acts of oppression, fraud or malice by Defendant's employees, as required under Civil Code § 3294(b). Additionally, Plaintiffs are not entitled to recover punitive or exemplary damages herein in any sum or sums whatsoever, and any allegations thereof should be stricken, because Plaintiffs have failed to plead, and cannot establish, facts sufficient to support the allegations of malice, oppression, and/or fraud.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Truth)

27.     Plaintiffs' Complaint fails to state facts sufficient to state a claim for relief, because any and all representations and statements alleged to have been made by or on behalf of Defendant, if any, were and are true.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Conduct of Others)

28.     Even assuming, under normal circumstances, Defendant may be liable for damages, Plaintiffs cannot prevail against Defendant or recover against Defendant, because the actions or negligence of persons or entities other than Defendant caused the injuries, harm, and/or conditions upon which Plaintiffs' Complaint is based.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Absence of Fault)

29.     The unverified Complaint, including each claim alleged, is barred because there is no fault on the part of Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Good Faith)

30.     The claims and contentions of Plaintiffs as contained in the Complaint are barred by virtue of the fact that all of the acts alleged therein to have been performed by Defendant were made

1187755.1

1   in good faith, and without knowledge, notice or awareness of any violation of law, unfair business

2   practice or improper conduct, if performed at all. This defense is alleged in the alternative and does

3   not admit any of the allegations contained in the unverified Complaint.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Laches)

6    31.     The claims and contentions of Plaintiffs as contained in the Complaint are barred due

7   to the doctrine of laches. This defense is alleged in the alternative and does not admit any of the

8   allegations contained in the unverified Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (No Attorney's Fees)

11    32.     Even assuming Defendant may be liable for damages, Plaintiffs are not entitled to

12   recover any attorney's fees, because in civil actions, each party must bear its own legal fees, unless

13   otherwise provided for by agreement.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Additional Affirmative Defenses)

16    33.     Defendant reserve its right to assert additional affirmative defenses in the event

17   discovery and/or investigation indicate that additional affirmative defenses are applicable.

18   WHEREFORE, Defendant prays:

19    1.     That Plaintiffs takes nothing by their Complaint;

20    2.     For dismissal of the Complaint with prejudice;

21    3.     For attorneys' fees as permitted by law or contract and costs of suit; and

22    4.     For such other and further relief as the Court may deem just and proper.

23   DATED: April 5, 2011        ALVARADOSMITH
                         A Professional Corporation

25                      By: _____

26                         THEODORE E. BACON
                        HEATHER E. ABELSON
                        Attorneys for Defendant

27                         JPMorgan Chase Bank, N.A.

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

7

1187755.1

4/05/2011         FIRST LEGAL        4156261331

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

*Machabeli, et al. v. WaMu, et al.*
San Francisco Superior Court Case No. CGC 10-504456

      I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action. My business address is **AlvaradoSmith, 350 Sansome Street, Suite 300, San Francisco, California 94104.**

      On April 5, 2011, I served the foregoing document described as **ANSWER TO FIRST AMENDED COMPLAINT** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 350 Sansome Street, Suite 300, San Francisco, CA 94104. The envelope was mailed with postage thereon fully prepaid.

      I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED**

☐    **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐    **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 350 Sansome Street, San Francisco, CA 94104. The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on April 5, 2011, at San Francisco, California.

Mara J. Schwark

1187755.1

1

2    **SERVICE LIST**

3    *Machabeli, et al. v. WaMu, et al.*
     San Francisco Superior Court Case No. CGC 10-504456

4

5    Jamil L. White, Esq.                    Counsel for Plaintiffs
6    Matthew Mellen, Esq.                    GEORGE MACHABELI and
     LOUIS │ WHITE & ASSOCIATES              KHATUNA MACHABELI
7    5600 H Street, Suite 100
     Sacramento, CA  95746
8    Tel:  (916) 594-7241
     Fax:  (916) 779-4177
9    jwhite@zwalaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALVARADO SMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

1187755.1

PROOF OF SERVICE

EXHIBIT C

10/6/10  First Legal  4156261331

ORIGINAL

SUMMONS ISSUED

# FILED

San Francisco County Superior Court

OCT - 6 2010

CLERK OF THE COURT

BY: _____
      Deputy Clerk

1 Jamil L. White (Bar No. 244028)
  Matthew Mellen (Bar No. 233350)
2 LOUIS † WHITE & ASSOCIATES
  5600 H Street, Suite 100
3 Sacramento, California 95746
  Telephone: (916) 594-7241
4 Facsimile: (916)779-4177

5 Attorneys for Plaintiffs

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

GEORGE MACHABELI, an individual, and
KHATUNA MACHABELI, an individual

   Plaintiffs,

  v.

WASHINGTON MUTUAL BANK, FA, a
business entity, JP MORGAN CHASE BANK,
N.A., a business entity and Does 1 through 100,
inclusive,

   Defendants.

Case No.: **CGC-10-504456**

Complaint for:

| | |
|---|---|
| 1. | **Fraud** |
| 2. | **Declaratory Relief** |
| 3. | **Accounting** |
| 4. | **Breach of Fiduciary Duty** |
| 5. | **Negligence** |
| 6. | **Violation of Business and Professions Code §17200 et seq.** |

1. Plaintiffs GEORGE MACHABELI and KHATUNA MACHABELI ("Plaintiffs"), bring this complaint for damages, equitable, and declaratory relief against defendants WASHINGTON MUTUAL BANK, FA and JP MORGAN CHASE (collectively "Defendants"), and allege as follows:

### PRELIMINARY STATEMENT

2. Plaintiffs are now, and at all times relevant to this complaint have been, the owners of real property commonly known as 1439 12th Avenue, San Francisco, California 94122 (hereinafter referred to as the "12th Avenue Property").

3. Plaintiffs reside on the 12th Avenue Property. Additionally, Plaintiffs run a day care facility for children on the 12th Avenue Property.

1
COMPLAINT



FAXED
FIRST LEGAL SUPPORT SERVICES

4.    Plaintiffs bring this action as a result of certain unlawful acts perpetrated by Defendants in several residential mortgage loan transactions, as well as Defendants' further unlawful acts in seeking to foreclose on Plaintiffs' 12th Avenue Property home. Over a four (4) year period, Defendants WASHINGTON MUTUAL BANK, FA ("WASHINGTON MUTUAL") and JP Morgan Chase ("JP MORGAN CHASE") baited Plaintiffs into repeatedly refinancing loans that were already WASHINGTON MUTUAL loans. The intent of WASHINGTON MUTUAL in continually producing these loans was to obtain profits by charging various settlement costs to Plaintiffs. This practice is commonly known in the industry as "loan churning". As indicated below, WASHINGTON MUTUAL tricked Plaintiffs into entering into these "churned" loans through misrepresentations, concealments, and deceptions with respect to material facts.

5.    On or about August 24, 2006, Plaintiffs refinanced the then-existing loan encumbering the 12th Avenue Property by executing a loan with WASHINGTON MUTUAL. Plaintiffs, as borrowers, made, executed, and delivered to Defendant WASHINGTON MUTUAL a written promissory note in the amount of $1,060,000.00. The note or loan are each hereinafter referred to as the "August 2006 Note" or the "August 2006 Loan", respectively.

6.    To secure payment of the principal sum and interest as provided in the August 2006 Note and as part of the same transaction, Defendant WASHINGTON MUTUAL required Plaintiffs to execute a deed of trust. This contract contains a provision for attorney's fees.

7.    On or about November 28, 2006, Plaintiffs refinanced the then-existing loan encumbering certain real property owned by Plaintiffs located at 1843 34th Avenue, San Francisco, California, 94122, by executing a loan with Defendant WASHINGTON MUTUAL. This property is hereinafter referred to as the "34th Avenue Property". Plaintiffs, as borrowers, made, executed, and delivered to Defendant WASHINGTON MUTUAL a written promissory note in the amount of $860,000.00 and a deed of trust. The note or loan are each hereinafter referred to as the "November 2006 Note" or the "November 2006 Loan", respectively.

8.    To secure payment of the principal sum and interest as provided in the November 2006 Note and as part of the same transaction, Defendant WASHINGTON MUTUAL required Plaintiffs to execute a deed of trust. This contract contains a provision for attorney's fees.

9.　　On or about December 8, 2006, Defendant WASHINGTON MUTUAL refinanced Plaintiffs' November 2006 Loan, which was already a WASHINGTON MUTUAL loan, into a WASHINGTON MUTUAL first and second mortgage. Plaintiffs, as borrowers, made, executed, and delivered to Defendant WASHINGTON MUTUAL, written promissory notes in the amounts of $860,000.00 and $107,392.00 for the new first and second mortgages, respectively. This transaction also added $100,315.20 onto Plaintiffs' loan for "settlement charges". These notes or loans are each hereinafter referred to as the "December 2006 Notes" or the "December 2006 Loans", respectively.

10.　　To secure payment of the principal sum and interest as provided in the December 2006 Notes and as part of the same transactions, Defendant WASHINGTON MUTUAL required Plaintiffs to execute a deed of trust. This contract contains a provision for attorneys' fees.

11.　　On or about August 16, 2007, Defendant WASHINGTON MUTUAL refinanced Plaintiffs' August 2006 Loan, which was already a WASHINGTON MUTUAL loan, into a WASHINGTON MUTUAL Home Equity Line of Credit. Plaintiffs, as borrowers, made, executed, and delivered to Defendant WASHINGTON MUTUAL, a "WaMu Mortgage Plus Agreement and Disclosure" in which Defendant WASHINGTON MUTUAL gave Plaintiffs a credit limit in the amount of $1,200,000.00. This agreement is hereinafter referred to as the "August 2007 Note" or the "August 2007 Loan", respectively.

12.　　To secure payment of the principal sum and interest as provided in the August 2007 Note and as part of the same transaction, Defendant WASHINGTON MUTUAL required Plaintiffs to execute a deed of trust. This contract contains a provision for attorneys' fees.

13.　　On or about March 9, 2008, Defendant WASHINGTON MUTUAL refinanced Plaintiffs' August 2007 Loan, which was already a WASHINGTON MUTUAL loan, into a WASHINGTON MUTUAL first mortgage. Plaintiffs, as borrowers, made, executed, and delivered to Defendant WASHINGTON MUTUAL, written a written promissory note in the amount of $1,200,000.00. This note is hereinafter referred to as the "March 2008 Note" or the "March 2008 Loan", respectively.

14.     To secure payment of the principal sum and interest as provided in the March 2008 Note and as part of the same transaction, Defendant WASHINGTON MUTUAL required Plaintiffs to execute a deed of trust. This contract contains a provision for attorneys' fees.

15.     The March 2008 Loan forms the basis upon which JP MORGAN CHASE, through its purported duly appointed trustee, has initiated foreclosure proceedings on the Property.

16.     On or about September 25, 2008, the Office of Thrift Supervision seized Defendant WASHINGTON MUTUAL. The Office of Thrift Supervision subsequently sold Defendant WASHINGTON MUTUAL to Defendant JP MORGAN CHASE on the same date. Accordingly, Defendant JP MORGAN CHASE is the successor in interest to Defendant WASHINGTON MUTUAL and succeeds to its liabilities.

17.     In all of the aforementioned loan transactions, Defendants exhibited a pattern and practice of loan misconduct which it engaged to purposely strip Plaintiffs of all of the equity in the property and to place Plaintiffs in high risk loans. Defendant WASHINGTON MUTUAL, and its successor in liability, Defendant JP MORGAN CHASE, did not reasonably believe that Plaintiffs had the ability to repay the loans, taking into consideration, among other things, Plaintiffs' income, obligations, employment status, and other financial resources. Defendant WASHINGTON MUTUAL, and its successor in liability, Defendant JP MORGAN CHASE, anticipated that Plaintiffs would default under the loans, particularly the March 2008 Loan, and that such default would result in the certain foreclosure of Plaintiffs' property. Despite all of this, WASHINGTON MUTUAL nonetheless induced Plaintiffs to take out loans by making misrepresentations, concealments, and deceptions with respect to material facts, as indicated herein. In addition, Defendant WASHINGTON MUTUAL, and its successor in liability, Defendant JP MORGAN CHASE, repeatedly deceived Plaintiffs into refinancing their loans multiple times. This "loan churning" ensured that Defendants would repeatedly procure a profit by continually charging Plaintiffs settlement costs.

## JURISDICTION AND VENUE

18.     This is an action asserting violations of California State Law. These claims all arise out of the same controversy and sequence of events. Plaintiffs are homeowners who bring this action as


a result of Defendants' unlawful conduct concerning a residential mortgage loan transaction with the Plaintiffs. The residential mortgage concerned the property located at 1439 12th Avenue, San Francisco, California 94122.

19.     Venue is proper in this Court because a substantial part of the events giving rise to the claims herein occurred in the City and County of San Francisco. Likewise, the unlawful acts perpetrated herein concern the property located at 1439 12th Avenue, San Francisco, California 94122, which is in the City and County of San Francisco. Venue is therefore proper in this county.

20.     This court has personal jurisdiction over the parties as all Defendants engage in business within the State of California. Defendants' business involves providing mortgage loans and related services to consumers in the State of California.

## PARTIES

21.     Plaintiffs are informed and believe, and thereon allege that at all times mentioned herein, Defendant WASHINGTON MUTUAL is a diversified financial marketing and/or services corporation engaged primarily in residential mortgage banking and/or related businesses. Defendant WASHINGTON MUTUAL is believed to be a residential mortgage lender who sold and originated Plaintiffs' residential mortgage transactions and is the beneficiary of the deed of trust encumbering the 12th Avenue Property. Plaintiffs are informed and believe, and thereon allege that at all times mentioned herein, Defendant WASHINGTON MUTUAL is a corporation regularly conducting business in the state of California.

22.     Plaintiffs are informed and believe, and thereon allege that at all times mentioned herein, Defendant JP MORGAN CHASE is a diversified financial marketing and/or services corporation engaged primarily in residential mortgage banking and/or related businesses. Plaintiffs are informed and believe, and thereon allege that at all times mentioned herein, Defendant JP MORGAN CHASE is a corporation regularly conducting business in the state of California, and on September 25, 2008 became the successor in interest to Defendants WASHINGTON MUTUAL.

23.     Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein under the fictitious names Does 1 through 100, inclusive, and Plaintiffs will amend this complaint to allege such names and capacities as soon as they are ascertained.  Each of said fictitiously named Defendants is responsible in some manner for the wrongful acts complained of herein.

## AGENCY ALLEGATIONS

24.     Plaintiffs are informed and believe and thereon alleges that at all times herein mentioned, each of the Defendants was acting as the agent, servant, employee, partner, co-conspirator, joint venture, and/or aider and abettor of each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the things herein alleged, and, additionally has inherited any violations and/or the liability of their predecessors-in-interest, and has also passed on liability to their successors-in-interest, and at all times was acting within the course and scope of such agency, employment, partnership, and/or concert of action.

## ALLEGATIONS PERTAINING TO LOAN ORIGINATION

25.     Plaintiffs are informed and believe that Defendant WASHINGTON MUTUAL tricked Plaintiffs through misrepresentations, concealments, and deceptions with respect to certain material facts.  Such actions induced Plaintiffs into entering into loans into which they would not have otherwise entered.

26.     Additionally, WASHINGTON MUTUAL represented to Plaintiffs that it was acting as a fiduciary to Plaintiffs.  Taking advantage of Plaintiffs' trust in its status as a purported fiduciary, WASHINGTON MUTUAL counseled, steered, and directed Plaintiffs into the March 2008 Loan, a subprime negative amortization loan.  Even though Plaintiffs qualified for prime loan products, Defendant WASHINGTON MUTUAL procured the March 2008 Loan as they did in order to extract from Plaintiffs additional monies by way of fees, costs, commissions, and high interest returns.

27.     WASHINGTON MUTUAL also induced Plaintiffs into entering into the March 2008 Loan by representing that they would modify or refinance Plaintiffs' loan in the future, if Plaintiffs so desired.  This was another misrepresentation.  As an example, Plaintiffs have attempted to modify the March 2008 Note with Defendant JP MORGAN CHASE, the successor

6

in interest to Defendant WASHINGTON MUTUAL. All such efforts have failed. These

Defendants have engaged in a cat and mouse game with Plaintiffs by continuously representing

that a loan modification or refinance is a viable option, all while continuing to push forward with

a foreclosure on the 12th Avenue Property.

28.      Plaintiffs are informed and believe and thereon allege that Defendant WASHINGTON

MUTUAL counseled, steered, and directed Plaintiffs into the March 2008 Loan. As indicated

previously, the March 2008 Note forms the basis upon which Defendant JP MORGAN CHASE

has initiated foreclosure proceedings on the property. The false representations indicated herein

are all part of a four (4) year campaign—beginning with the origination of the first

WASHINGTON MUTUAL loan on the 12th Avenue Property up until the present—

masterminded by WASHINGTON MUTUAL and JP MORGAN CHASE that are designed to

cause Plaintiffs' financial ruin.

29.      As with all Plaintiffs' loans indicated herein, a certain WASHINGTON MUTUAL

employee named Camilo Saab ("Saab") masterminded the origination of the March 2008 Loan.

At all times with respect to the procurement of all the loans, Saab told Plaintiffs that he would

serve as a fiduciary and real estate and financial advisor to Plaintiffs with respect to the mortgage

lending process. Saab also impressed upon Plaintiffs his expertise, as well as that of

WASHINGTON MUTUAL, in real estate mortgage lending. He represented to Plaintiffs that as

their fiduciary, he would put their interests above those of his own and those of WASHINGTON

MUTUAL. Plaintiffs had no prior practical experience in real estate loan origination matters.

Plaintiff GEORGE MACHABELI, an electrician, and KHATUNA MACHABELI, a Staff Nurse

and day care administrator, each possess no background in real estate mortgage lending, and

thereby leaned heavily on the expertise of this purported fiduciary. They acceded fully to the

fiduciary advice proffered by WASHINGTON MUTUAL with respect to the procurement of the

March 2008 Loan, as well as all the loans procured by Defendant WASHINGTON MUTUAL.

30.      With respect to the March 2008 Note, Defendant WASHINGTON MUTUAL told

Plaintiffs they would receive a fixed interest rate loan at 5.39017%. This was the same interest

rate listed on the Truth in Lending Disclosure Statement, which Defendant WASHINGTON

MUTUAL showed to Plaintiffs as proof of its representations. Defendant WASHINGTON MUTUAL did not explain any methodology behind the interest rate it represented on the Truth in Lending Disclosure Statement. The true interest rate on the loan, however, was anything but the case. The terms of the note mandated an interest rate of 6.250%, a rate that was scheduled to fluctuate annually according to a particular index, beginning on April 1, 2013.

31.     Knowing well that Plaintiffs trusted it fully as a fiduciary, Defendant WASHINGTON MUTUAL took liberties to misrepresent the earning information of Plaintiff GEORGE MACHABELI, the individual who it listed as "borrower" for the March 2008 Loan. They tricked Plaintiffs by advising them they were approved for the March 2008 Loan. Plaintiffs, who had represented to Defendant WASHINGTON MUTUAL their true earning information, were under the impression that they were approved for the March 2008 Loan based on their truthful statements. To the contrary, little did Plaintiffs know that the reason they were approved for this loan were the misrepresentations put forth by Defendant WASHINGTON MUTUAL. Plaintiffs would have never entered into the March 2008 Loan had they known of the unscrupulous loan origination tactics employed by Defendant WASHINGTON MUTUAL.

32.     For instance, Saab misrepresented that Plaintiff GEORGE MACHABELI had been making a monthly income of $19,363.00, when in fact he had only been making approximately $2,246.92/month.

33.     Saab also misrepresented that Plaintiff GEORGE MACHABELI worked at a company named "Paganini Electric", when in fact he was self-employed as an electrician at the time.

34.     Saab also misrepresented that Plaintiff GEORGE MACHABELI had been working as "Senior Electric Engineer" at Paganini Electric, when in fact he is a self-employed electrician (no engineering license).

35.     Saab also misrepresented that Plaintiff GEORGE MACHABELI had been at his supposed position at Paganini Electric for seven years, when in fact he never worked there.

36.     Saab also misrepresented that Plaintiff GEORGE MACHABELI had been working in his profession for seven years, when in fact he only got his electrician's license two years prior.

10/6/10        First Legal       4156261331

37.     When Plaintiffs specifically asked Saab whether or not they qualified for the March 2008 Loan, Saab responded, "of course".

38.     Defendant WASHINGTON MUTUAL engaged in these acts because it knew that if it was able to close the March 2008 Loan, it would receive handsome profits. First, Defendant WASHINGTON MUTUAL paid itself off $1,073,455.63—the amount of the outstanding balance on the August 2007 Loan. Then, it would receive $999.00 in loan origination costs. It would also procure title/escrow charges in the amount of $2,275.00 for an affiliated entity, Cornerstone Title Company. At the end of the day, upon addition of all fees, closing costs, and assorted transactions, Plaintiffs' loan of $1,073,455.63 loan morphed into a new loan in the amount of $1,200,000.00.

39.     Defendant WASHINGTON MUTUAL employed many of the same unscrupulous tactics in originating Plaintiffs' other loans. These included misrepresentations, concealments, and deceptions with respect to material facts applicable to such transactions. As indicated earlier, in addition to the March 2008 Loan, Defendant WASHINGTON MUTUAL also originated loans for Plaintiffs in November 2006, December 2006, and August 2007. As with the March 2008 Loan, Saab served as the mastermind that procured all these loans. As with the March 2008 Loan, Plaintiffs represented to Defendant WASHINGTON MUTUAL their true earning information, and were under the impression that they were approved for each of these loans based on their truthful statements. To the contrary, little did Plaintiffs know that the reason they were approved for these loan were the misrepresentations put forth by Defendant WASHINGTON MUTUAL.

40.     As with the March 2008 Loan, Defendant WASHINGTON MUTUAL, through its employee Saab, impressed upon Plaintiffs its expertise in real estate mortgage lending, and told Plaintiffs that he would serve as a real estate and financial advisor to Plaintiffs with respect to the mortgage lending process. Plaintiffs acceded to this fiduciary advice.

41.     Specifically, with respect to all the loans (except the March 2008 Loan), Saab misrepresented that Plaintiff KHATUNA MACHABELI, the borrower listed on notes, had been

at her job and profession for seven years. This would mean that she would have begun working at her job and profession since 1999 at the earliest.

42.    These representations were not true. Plaintiff KHATUNA MACHABELI had in fact only been working in her job and profession since 2004.

43.    Additionally, with respect to all the loans (except the March 2008 Loan), Saab misrepresented that Plaintiff KHATUNA MACHABELI, the borrower listed on the notes, had been working as a "Head Nurse Med". This was not true. The job of Plaintiff KHATUNA MACHABELI was in fact that of "Staff Nurse 2, RN" (a lower position compared to "Head Nurse Med") and day care administrator.

44.    With respect to the August 2006 Loan, Saab misrepresented that Tina Machabeli had been making a monthly income of $17,098, when in fact she had only been making $16,259/month.

45.    With respect to the November 2006 Loan, Saab misrepresented that Tina Machabeli had been making a monthly income of $23,468, when in fact she had only been making $16,259/month.

46.    With respect to the December 2006 Loan, Saab misrepresented that Tina Machabeli had been making a monthly income of $23,468, when in fact she had only been making $16,259/month.

47.    Defendant WASHINGTON MUTUAL engaged in these acts because it knew that if it were able to continually "churn" Plaintiffs' loans, it would reap huge profits. For instance, this "loan churning" by Defendant WASHINGTON MUTUAL was a way to charge Plaintiffs "settlement charges". For instance, Plaintiffs paid "settlement charges" of $25,442.69 for the August 2006 transaction; $1,075.00 for the November 2006 transaction; $4,365.04 for the January 2007 transaction; $15,311.76 for the June 2007 transaction. With each refinance of the 12th Avenue Property and the 34th Avenue Property, Defendant WASHINGTON MUTUAL would pay itself off.

48.    In addition, Defendant WASHINGTON MUTUAL pocketed "settlement charges" worth $100,315.20 from the December 2006 transaction. Among the payoffs for the December 2006 Loan included $586,841.20 towards a Countrywide Home Loan, $280,202.69 towards a First

10
COMPLAINT

Tennessee Bank loan, and $100,315.20 towards "settlement charges". Plaintiffs are informed and believe, and thereon allege that this $100,315.20 in "settlement charges" was an amount that Defendant WASHINGTON MUTUAL added onto the Plaintiffs' loan, but that Defendant WASHINGTON MUTUAL, or its employees, agents, or other such Doe Defendant, pocketed for themselves. The closing documents show no justification for this settlement charge. None of these monies went to Plaintiffs—they only received $32.91 cash out at closing. However, this $100,315.20 was somehow unjustifiably added to the December 2006 Loan.

49.    The November 2006 and December 2006 transactions are another incidence of Defendant WASHINGTON MUTUAL's bad faith loan churning activities. On or about November 28, 2006, Defendant WASHINGTON MUTUAL closed on the November 2006 Loan, which was worth $860,000.00. Then, a mere ten days later, they closed on yet another loan on the *same property*, this time for two notes—a first mortgage in the amount of $860,000.00 and a second mortgage in the amount of $107,392.00, *plus* the $100,315.20 in settlement charges previously mentioned herein. In all, using the unscrupulous tactics mentioned above, Defendant WASHINGTON MUTUAL mislead and advised Plaintiffs to increase their indebtedness to them from $860,000.00 to $1,067,707.20 in a mere ten days. In doing so, it paid itself the amount from the November 2006 Loan, all while managing to leave Plaintiffs on the hook for over $101,390.20 in "settlement charges" for both loans.

50.    Because of the enormous financial pressures brought about by the unscrupulous acts by Defendant WASHINGTON MUTUAL on the 34th Avenue Property, Plaintiffs were forced to short-sell the house. Despite all this, Defendant WASHINGTON MUTUAL is still attempting to collect the outstanding balance due on the second mortgage. Because of its unscrupulous and illegal tactics, as described above, Plaintiffs contend that they do not owe any such outstanding balance on the second mortgage.

51.    Similar to the origination of the March 2008 Loan, Defendant WASHINGTON MUTUAL induced Plaintiffs into entering into the December 2006 Loan by representing that it would modify or refinance the December 2006 Loan in the future, if Plaintiffs so desired. This was another misrepresentation. Plaintiffs have attempted to modify or refinance this loan, to no avail.

11

COMPLAINT

52.     The facts surrounding these loan transactions were purposefully hidden to prevent

Plaintiffs from discovering the true nature of the transactions and the documents involved therein.

Facts surrounding this transaction continue to be hidden from the Plaintiffs to this day.

53.     On or about September 25, 2008, the Office of Thrift Supervision seized Defendant

WASHINGTON MUTUAL.  The Office of Thrift Supervision subsequently sold Defendant

WASHINGTON MUTUAL to Defendant JP MORGAN CHASE on the same date.  Accordingly,

Defendant JP MORGAN CHASE is the successor in interest to Defendant WASHINGTON

MUTUAL and succeeds to its liabilities.

54.     On or about May 5, 2010, Defendant WASHINGTON MUTUAL, through its successor in

interest, JP MORGAN CHASE, by and through Trustee and co-conspirator California

Reconveyance Company, caused a Notice of Default to be recorded on Plaintiffs' 12th Avenue

Property in an attempt to consummate Defendant WASHINGTON MUTUAL's unlawful

foreclosure of the 12th Avenue Property.

55.     On or about May of this year, Plaintiffs hired an independent auditing company to

perform a forensic loan audit upon all of the loan documents pertaining to the March 2008 Loan.

This independent audit found compliance violations and evidence of fraud which has put

Plaintiffs on-notice as to the unlawful acts of Defendants.  Since the unlawful conduct of

Defendants has only been discovered within the past year, any applicable statute of limitations

should be extended pursuant to the doctrine of equitable tolling such that this Complaint be

deemed filed in a timely fashion.  Specifically, the May 2010 loan audit showed, among other

infractions, that Plaintiffs were not properly informed by Defendant WASHINGTON MUTUAL

of the applicable terms of the loan.

56.     Following the loan audit, and on or about January 2010, Plaintiffs made a Qualified

Written Request ("QWR") to, among others, Defendants WASHINGTON MUTUAL and JP

MORGAN CHASE.  Plaintiffs requested that these Defendants provide Plaintiffs with all

documentation pertaining to the closing of the loan.

57.     JP MORGAN CHASE provided Plaintiffs with some of the requested documentation. These documents included a copy of the documentation evidencing the churning of the loans alleged herein.

58.     Also, after the completion of the audit, Plaintiffs hired undersigned counsel to review the terms of all the loans originated by Defendant WASHINGTON MUTUAL. This investigation uncovered the violations stated herein, such as that Defendant WASHINGTON MUTUAL overstated incomes and misrepresented employment positions, charged excessive closing costs, and stole $100,315.20 from Plaintiffs on the December 2006 Loan.

59.     Likewise, the acts of Defendants are part of a pattern of practice of unlawful conduct where the earlier acts culminated in the later acts. Defendants have perpetuated the aforementioned fraudulent transactions over a four-year period to strip Plaintiff's equity and to ultimately foreclose on Plaintiff's property. Any applicable statute of limitations should be extended, pursuant to the doctrine of equitable tolling, as of the date of initiation of the foreclosure proceedings against Plaintiff—the first recorded Notice of Default in May of 2010—such that this Complaint be deemed filed in a timely fashion.

### FIRST CAUSE OF ACTION
**Fraud**
(Against all Defendants)

60.     Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

61.     The conduct of Defendants, and each of them, as alleged above, constitutes fraud.

62.     As alleged above, Defendants knowingly and recklessly made false and misleading statements to which Plaintiffs relied to their detriment, and to which they were damaged thereby.

63.     The actions by Defendant WASHINGTON MUTUAL in paragraphs 26 and 27 constitute a misrepresentation of material fact, a concealment of material fact, and/or an act fitted to deceive. As indicated therein, Defendant WASHINGTON MUTUAL misrepresented to Plaintiffs that they would modify or refinance the March 2008 Loan. Defendant WASHINGTON MUTUAL also concealed the fact that they would refuse to finance Plaintiffs' March 2008 Loan.

64.    The actions by Defendant WASHINGTON MUTUAL in paragraph 30 constitute a misrepresentation of material fact and/or an act fitted to deceive.  As indicated therein, Defendant WASHINGTON MUTUAL misrepresented to Plaintiffs that they would receive a fixed rate loan at 5.3901% for the March 2008 Loan.

65.    The actions by Defendant WASHINGTON MUTUAL in paragraph 30 constitute a concealment of material fact and/or an act fitted to deceive.  As indicated therein, Defendant WASHINGTON MUTUAL concealed from Plaintiffs that the true interest rate on the March 2008 Loan was 6.250%, subject to fluctuation.

66.    The actions by Defendant WASHINGTON MUTUAL in paragraph 30 constitute a concealment of material fact and/or an act fitted to deceive.  As indicated therein, Defendant WASHINGTON MUTUAL concealed from Plaintiffs the methodology behind the Truth in Lending Disclosure Statement for the March 2008 Loan.

67.    The actions by Defendant WASHINGTON MUTUAL in paragraph 31 constitute a misrepresentation of material fact and/or an act fitted to deceive.  As indicated therein, Defendant WASHINGTON MUTUAL misrepresented to Plaintiffs that they were approved for the March 2008 Loan based on their truthful statements regarding income and employment.

68.    The actions by Defendant WASHINGTON MUTUAL in paragraph 32 constitute a misrepresentation of material fact, a concealment of material fact, and/or an act fitted to deceive.  As indicated therein, Defendant WASHINGTON MUTUAL misrepresented Plaintiff GEORGE MACHABELI's income.  Defendant WASHINGTON MUTUAL also concealed from Plaintiffs that it had made such misrepresentation.

69.    The actions by Defendant WASHINGTON MUTUAL in paragraph 33 constitute a misrepresentation of material fact, a concealment of material fact, and/or an act fitted to deceive.  As indicated therein, Defendant WASHINGTON MUTUAL misrepresented Plaintiff GEORGE MACHABELI's employer.  Defendant WASHINGTON MUTUAL also concealed from Plaintiffs that it had made such misrepresentation.

70.    The actions by Defendant WASHINGTON MUTUAL in paragraph 34 constitute a misrepresentation of material fact, a concealment of material fact, and/or an act fitted to deceive.

14

As indicated therein, Defendant WASHINGTON MUTUAL misrepresented Plaintiff GEORGE MACHABELI's employment position. Defendant WASHINGTON MUTUAL also concealed from Plaintiffs that it had made such misrepresentation.

71.     The actions by Defendant WASHINGTON MUTUAL in paragraph 35 constitute a misrepresentation of material fact, a concealment of material fact, and/or an act fitted to deceive. As indicated therein, Defendant WASHINGTON MUTUAL misrepresented the number of years Plaintiff GEORGE MACHABELI had been working at his job. Defendant WASHINGTON MUTUAL also concealed from Plaintiffs that it had made such misrepresentation.

72.     The actions by Defendant WASHINGTON MUTUAL in paragraph 36 constitute a misrepresentation of material fact, a concealment of material fact, and/or an act fitted to deceive. As indicated therein, Defendant WASHINGTON MUTUAL misrepresented the number of years Plaintiff GEORGE MACHABELI had been working at his profession. Defendant WASHINGTON MUTUAL also concealed from Plaintiffs that it had made such misrepresentation.

73.     The actions by Defendant WASHINGTON MUTUAL in paragraph 37 constitute a misrepresentation of material fact, a concealment of material fact, and/or an act fitted to deceive. As indicated therein, Defendant WASHINGTON MUTUAL misrepresented to Plaintiffs that they qualified for the March 2008 Loan. Defendant WASHINGTON MUTUAL also concealed from Plaintiffs that their qualification for the March 2008 Loan was based on its misrepresentations.

74.     The actions by Defendant WASHINGTON MUTUAL in paragraph 38 constitute an act fitted to deceive. As indicated therein, Defendant WASHINGTON MUTUAL deceived Plaintiffs into entering into the March 2008 Loan so it could profit from the transaction.

75.     The actions by Defendant WASHINGTON MUTUAL in paragraph 39 constitute a misrepresentation of material fact and/or an act fitted to deceive. As indicated therein, Defendant WASHINGTON MUTUAL misrepresented to Plaintiffs that they were approved for the November 2006, December 2006, January 2007, June 2007, and August 2007 based on their truthful statements regarding income and employment. Each misrepresentation and/or act of

concealment by Defendant WASHINGTON MUTUAL on each of these loans each constitutes a count of fraud as alleged herein.

76.     The actions by Defendant WASHINGTON MUTUAL in paragraphs 41 and 42 constitute a misrepresentation of material fact, a concealment of material fact, and/or an act fitted to deceive. As indicated therein, Defendant WASHINGTON MUTUAL misrepresented the number of years Plaintiff KHATUNA MACHABELI had been working at her profession with respect to each of the November 2006, December 2006, and August 2007 loans. Defendant WASHINGTON MUTUAL also concealed from Plaintiffs that it had made such misrepresentation. Each act of misrepresentation, concealment, and/or deception by Defendant WASHINGTON MUTUAL on each of these loans each constitutes a separate count of fraud as alleged herein.

77.     The actions by Defendant WASHINGTON MUTUAL in paragraph 43 constitute a misrepresentation of material fact, a concealment of material fact, and/or an act fitted to deceive. As indicated therein, Defendant WASHINGTON MUTUAL misrepresented Plaintiff KHATUNA MACHABELI's employment position with respect to each of the November 2006, December 2006, and August 2007 loans. Defendant WASHINGTON MUTUAL also concealed from Plaintiffs that it had made such misrepresentation. Each of misrepresentation, concealment, and/or deception by Defendant WASHINGTON MUTUAL on each of these loans each constitutes a separate count of fraud as alleged herein.

78.     The actions by Defendant WASHINGTON MUTUAL in paragraph 44 constitute a misrepresentation of material fact, a concealment of material fact, and/or an act fitted to deceive. As indicated therein, Defendant WASHINGTON MUTUAL misrepresented Plaintiff KHATUNA MACHABELI's income for the August 2006 Loan. Defendant WASHINGTON MUTUAL also concealed from Plaintiffs that it had made such misrepresentation.

79.     The actions by Defendant WASHINGTON MUTUAL in paragraph 45 constitute a misrepresentation of material fact, a concealment of material fact, and/or an act fitted to deceive. As indicated therein, Defendant WASHINGTON MUTUAL misrepresented Plaintiff KHATUNA

16

COMPLAINT

MACHABELI's income for the November 2006 Loan.  Defendant WASHINGTON MUTUAL also concealed from Plaintiffs that it had made such misrepresentation.

80.     The actions by Defendant WASHINGTON MUTUAL in paragraph 46 constitute a misrepresentation of material fact, a concealment of material fact, and/or an act fitted to deceive. As indicated therein, Defendant WASHINGTON MUTUAL misrepresented Plaintiff KHATUNA MACHABELI's income for the December 2006 Loan.  Defendant WASHINGTON MUTUAL also concealed from Plaintiffs that it had made such misrepresentation.

81.     The actions by Defendant WASHINGTON MUTUAL in paragraph 47 constitute an act fitted to deceive.  As indicated therein, Defendant WASHINGTON MUTUAL deceived Plaintiffs into entering into the August 2006 Loan, the November 2006 Loan, the January 2007 Loan, and the June 2007 Loan so it could profit from the transactions.  Each act of deception by Defendant WASHINGTON MUTUAL on each of these loans each constitutes a separate count of fraud as alleged herein.

82.     The actions by Defendant WASHINGTON MUTUAL in paragraph 48 constitute a concealment of material fact and/or an act fitted to deceive.  As indicated therein, Defendant WASHINGTON MUTUAL concealed from Plaintiffs that it had pocketed $100,315.20 worth of "settlement charges".

83.     The actions by Defendant WASHINGTON MUTUAL in paragraph 49 constitute an act fitted to deceive.  As indicated therein, Defendant WASHINGTON MUTUAL deceived Plaintiffs into entering into the November 2006 Loan and the December 2006 Loan so it could profit from the transactions.  Each act of deception by Defendant WASHINGTON MUTUAL on each of these loans each constitutes a separate count of fraud as alleged herein.

84.     The actions by Defendant WASHINGTON MUTUAL in paragraph 49 constitute an act fitted to deceive.  As indicated therein, Defendant WASHINGTON MUTUAL deceived Plaintiffs by adding $100,315.20 worth of "settlement charges" onto Plaintiffs' December 2006 Loan while pocketing the money for itself.

85.     The actions by Defendant WASHINGTON MUTUAL in paragraph 49 constitute an act fitted to deceive.  As indicated therein, Defendant WASHINGTON MUTUAL deceived Plaintiffs



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Apr-08-2011 12:12 pm

Case Number: CGC-10-504456

Filing Date: Apr-05-2011 12:27

Juke Box: 001    Image: 03173287

ANSWER

GEORGE MACHABELI et al VS. WASHINGTON MUTUAL BANK FA A BUSINESS ENTITY

001C03173287

**Instructions:**
Please place this sheet on top of the document to be scanned.

| Attorney or Party without Attorney:<br>  MATTHEW MELLEN, SBN 233350<br>  LOUIS \| WHITE & ASSOCIATES<br>  5600 H Street<br>  Suite 100<br>  SACRAMENTO, CA  95819<br>Telephone No: 8779925291 | | For Court Use Only<br><br>**FILED**<br>San Francisco County Superior Court<br><br>OCT 2 7 2010<br><br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |
|---|---|---|
| Attorney for: Plaintiff, George Machabeli | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>  SAN FRANCISCO COUNTY SUPERIOR COURT | | |
| Plaintiff: GEORGE MACHABELI; et al. | | |
| Defendant: WASHINGTON MUTUAL BANK, FA; et al. | | |

| **PROOF OF SERVICE** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-10-504456 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; ADR PROGRAM INFORMATION PACKAGE

3.   a. *Party served:*                         JPMORGAN CHASE, A BUSINESS ENTITY
      b. *Person served:*                       MARGARET WILSON, PROCESS SPECIALIST, CT CORPORATION
                                                 SYSTEM, REGISTERED AGENT.

4. *Address where the party was served:*        818 W 7th STREET
                                                 LOS ANGELES, CA  90017

5. *I served the party:*
      a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
         process for the party (1) on: Fri., Oct. 15, 2010 (2) at: 11:00AM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
      *on behalf of:*  JPMORGAN CHASE, A BUSINESS ENTITY
      *Other:*  a business entity form unknown.

7. ***Person Who Served Papers:***                        Recoverable Cost Per CCP 1033.5(a)(4)(B)
      a. DOUG  FORREST                          d.   ***The Fee for Service was:***
      b. **FIRST LEGAL SUPPORT SERVICES**       e.   I am: (3)  registered California process server
         1511 W. BEVERLY BLVD.                         *(i)*    Independent Contractor
         LOS ANGELES, CA 90071                         *(ii)*   *Registration No.:*      5141
      c. 213-250-1111                                  *(iii)*  *County:*                Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date:Fri, Oct. 15, 2010

**PROOF OF SERVICE**                (DOUG  FORREST)              8914048  .louwh.321785



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

## Document Scanning Lead Sheet

Nov-29-2010  3:00 pm

Case Number: CGC-10-504456

Filing Date: Oct-27-2010 2:59

Juke Box: 001    Image: 03044537

PROOF OF SERVICE OF SUMMONS AND COMPLAINT

GEORGE MACHABELI et al VS. WASHINGTON MUTUAL BANK FA A BUSINESS ENTITY

001C03044537

**Instructions:**
Please place this sheet on top of the document to be scanned.

| Attorney or Party without Attorney: MATTHEW MELLEN, SBN 233350 LOUIS \| WHITE & ASSOCIATES 5600 H Street Suite 100 SACRAMENTO, CA 95819 Telephone No: 8779925291 | | | For Court Use Only **FILED** San Francisco County Superior Court NOV 1 9 2010 CLERK OF THE COURT By: _____ Deputy Clerk |
|---|---|---|---|
| Attorney for: **Plaintiff, George Machabeli** | Ref. No. or File No.: | | |
| Insert name of Court, and Judicial District and Branch Court: **SAN FRANCISCO COUNTY SUPERIOR COURT** | | | |
| Plaintiff: GEORGE MACHABELI; et al. | | | |
| Defendant: WASHINGTON MUTUAL BANK, FA; et al. | | | |

| **PROOF OF SERVICE** | Hearing Date: | Time: | Dept/Div: | Case Number: CGC-10-504456 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; ADR PROGRAM INFORMATION PACKAGE

3. *a. Party served:*        JPMORGAN CHASE, A BUSINESS ENTITY
   *b. Person served:*      MARGARET WILSON, PROCESS SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT.

4. *Address where the party was served:*     818 W 7th STREET
                                 LOS ANGELES, CA 90017

5. I served the party:
   **a. by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Oct. 15, 2010 (2) at: 11:00AM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   *on behalf of:*   JPMORGAN CHASE, A BUSINESS ENTITY
   *Other:*   a business entity form unknown.

7. *Person Who Served Papers:*                       Recoverable Cost Per CCP 1033.5(a)(4)(B)
   **a. DOUG FORREST**                  d. *The Fee for Service was:*
   **b. FIRST LEGAL SUPPORT SERVICES**      e. I am: (3) registered California process server
       1511 W. BEVERLY BLVD.                 *(i)*   Independent Contractor
       LOS ANGELES, CA 90071             *(ii)*   *Registration No.:*    5141
   c. 213-250-1111                         *(iii)*   *County:*          Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    Date: Fri, Oct. 15, 2010

    Judicial Council Form POS-010                 **PROOF OF SERVICE**             (DOUG FORREST)    891.4048 .louwh.321785
    Rule 2.150.(a)&(b) Rev January 1, 2007



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

## Document Scanning Lead Sheet

Dec-01-2010 3:58 pm

Case Number: CGC-10-504456

Filing Date: Nov-19-2010 10:33

Juke Box: 001    Image: 03047905

SUMMONS ON COMPLAINT FILED BY PLAINTIFF

GEORGE MACHABELI et al VS. WASHINGTON MUTUAL BANK FA A BUSINESS ENTITY

001C03047905

**Instructions:**
Please place this sheet on top of the document to be scanned.

| *Attorney or Party without Attorney:*<br>MATTHEW MELLEN, SBN 233350<br>LOUIS WHITE & ASSOCIATES<br>5600 H Street<br>Suite 100<br>SACRAMENTO, CA 95819<br>*Telephone No.* 8779925291 | | *For Court Use Only*<br><br>**F I L E D**<br>San Francisco County Superior Court<br><br>NOV X 1 2010<br><br>CLERK OF THE COURT<br>By: _____<br>Deputy Clerk |
|---|---|---|
| *Attorney for:* Plaintiff, George Machabeli | *Ref. No. or File No.:* | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>SAN FRANCISCO COUNTY SUPERIOR COURT | | |
| *Plaintiff:* GEORGE MACHABELI; et al. | | |
| *Defendant:* WASHINGTON MUTUAL BANK, FA; et al. | | |

| **PROOF OF SERVICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* |
|---|---|---|---|---|
| | | | | CGC-10-504456 |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; ADR PROGRAM INFORMATION PACKAGE

3.   *a. Party served:*                     WASHINGTON MUTUAL BANK, FA, A BUSINESS ENTITY
      *b. Person served:*               STACY ELLIOT, Person Authorized By The Corporation to Receive Service of
                                                    Process.

4. *Address where the party was served:*       9200 OAKDALE AVENUE
                                                     CHATSWORTH, CA 91311

5. *I served the party:*
  **a. by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
      process for the party (1) on: Fri., Oct. 15, 2010 (2) at: 4:40PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
  *on behalf of:* WASHINGTON MUTUAL BANK, FA, A BUSINESS ENTITY
  *Other:* a business entity form unknown.

7. ***Person Who Served Papers:***                                 Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. EDY GARRIDO                       d.   ***The Fee for Service was:***

    **First Legal**      1511 West Beverly Blvd.        e.   I am: (3) registered California process server
                      Los Angeles, CA 90026             *(i)*   Independent Contractor
                      Telephone   (213) 250-9111          *(ii)*  *Registration No.:*   5816
                      Fax         (213) 250-1197           *(iii)*  *County:*       Los Angeles
                      www.firstlegalnetwork.com      *(iv)*  *Expiration Date:*   Thu, Jun, 14, 2012

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

Date: Fri, Oct. 15, 2010

    Judicial Council Form POS-010                    **PROOF OF SERVICE**            (EDY GARRIDO)
    Rule 2.150.(a)&(b) Rev January 1, 2007                                           8914051  *launch.321786*



SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Nov-30-2010 10:32 am

Case Number: CGC-10-504456

Filing Date: Nov-01-2010 10:32

Juke Box: 001     Image: 03045311

PROOF OF SERVICE OF SUMMONS AND COMPLAINT

GEORGE MACHABELI et al VS. WASHINGTON MUTUAL BANK FA A BUSINESS ENTITY

001C03045311

**Instructions:**
Please place this sheet on top of the document to be scanned.

| Attorney or Party without Attorney:<br>MATTHEW MELLEN, SBN 233350<br>LOUIS \| WHITE & ASSOCIATES<br>5600 H Street<br>Suite 100<br>SACRAMENTO, CA 95819<br>Telephone No: 8779925291 | For Court Use Only |
|---|---|
| Attorney for: Plaintiff, George Machabeli | Ref. No. or File No.: |

**F I L E D**
San Francisco County Superior Court

**NOV 1 9 2010**

CLERK OF THE COURT
BY _____
Deputy Clerk

| Insert name of Court, and Judicial District and Branch Court: | | | | |
|---|---|---|---|---|
| SAN FRANCISCO COUNTY SUPERIOR COURT | | | | |
| Plaintiff: GEORGE MACHABELI; et al. | | | | |
| Defendant: WASHINGTON MUTUAL BANK, FA; et al. | | | | |
| **PROOF OF SERVICE** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-10-504456 |

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; ADR PROGRAM INFORMATION PACKAGE

3. a. *Party served:*      WASHINGTON MUTUAL BANK, FA, A BUSINESS ENTITY
   b. *Person served:*     STACY ELLIOT, Person Authorized By The Corporation to Receive Service of
                            Process.

4. *Address where the party was served:*      9200 OAKDALE AVENUE
                                               CHATSWORTH, CA 91311

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
   process for the party (1) on: Fri., Oct. 15, 2010 (2) at: 4:40PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   on behalf of:  WASHINGTON MUTUAL BANK, FA, A BUSINESS ENTITY
   Other:  a business entity form unknown.

7. *Person Who Served Papers:*                     Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. EDY GARRIDO                          d.  *The Fee for Service was:*



   1511 West Beverly Blvd.              e.  I am: (3) registered California process server
   Los Angeles, CA 90026                    *(i)*   Independent Contractor
   Telephone  (213) 250-9111                *(ii)*  *Registration No.:*       5816
   Fax        (213) 250-1197                *(iii)* *County:*                 Los Angeles
   www.firstlegalnetwork.com                *(iv)*  *Expiration Date:*        Thu, Jun. 14, 2012

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: Fri, Oct. 15, 2010

   Rule 2.150.(a)&(b) Rev January 1, 2007          PROOF OF SERVICE          (EDY GARRIDO)     8914051   .lourh.321786



**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

**Document Scanning Lead Sheet**

Dec-01-2010 3:58 pm

Case Number: CGC-10-504456

Filing Date: Nov-19-2010 10:37

Juke Box: 001 Image: 03047906

SUMMONS ON COMPLAINT FILED BY PLAINTIFF

GEORGE MACHABELI et al VS. WASHINGTON MUTUAL BANK FA A BUSINESS ENTITY

001C03047906

**Instructions:**
Please place this sheet on top of the document to be scanned.

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| MATTHEW MELLEN, SBN 233350<br>LOUIS \| WHITE & ASSOCIATES<br>5600 H Street<br>Suite 100<br>SACRAMENTO, CA  95819<br>*Telephone No:* 8779925291 | | **FILED**<br>San Francisco County Superior Court<br><br>NOV X 1 2010<br><br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |

*Attorney for:* Plaintiff, George Machabeli   *Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*

SAN FRANCISCO COUNTY SUPERIOR COURT

*Plaintiff:* GEORGE MACHABELI; et al.

*Defendant:* WASHINGTON MUTUAL BANK, FA; et al.

| **PROOF OF SERVICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-10-504456 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; ADR PROGRAM INFORMATION PACKAGE

3. a. *Party served:*  WASHINGTON MUTUAL BANK, FA, A BUSINESS ENTITY
    b. *Person served:*  STACY ELLIOT, Person Authorized By The Corporation to Receive Service of Process.

4. *Address where the party was served:*  9200 OAKDALE AVENUE
                                          CHATSWORTH, CA 91311

5. *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Oct. 15, 2010 (2) at: 4:40PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
    on behalf of:  WASHINGTON MUTUAL BANK, FA, A BUSINESS ENTITY
    *Other:*  a business entity form unknown.

7. *Person Who Served Papers:*                         Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. EDY GARRIDO                                  d. *The Fee for Service was:*

First Legal

    1511 West Beverly Blvd.                         e. I am: (3) registered California process server
    Los Angeles, CA 90026                               *(i)*   Independent Contractor
    Telephone   (213) 250–9111                          *(ii)*  *Registration No.:*  5816
    Fax           (213) 250–1197                        *(iii)* *County:*            Los Angeles
    www.firstlegalnetwork.com                           *(iv)*  *Expiration Date:*   Thu, Jun. 14, 2012

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    Date:Fri, Oct. 15, 2010

    *Judicial Council Form POS-010*
    *Rule 2.150.(a)&(b) Rev January 1, 2007*        **PROOF OF SERVICE**        EDY GARRIDO        8914051 .louwh.321786



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

## Document Scanning Lead Sheet

Nov-30-2010 10:32 am

Case Number: CGC-10-504456

Filing Date: Nov-01-2010 10:32

Juke Box: 001    Image: 03045311

PROOF OF SERVICE OF SUMMONS AND COMPLAINT

GEORGE MACHABELI et al VS. WASHINGTON MUTUAL BANK FA A BUSINESS ENTITY

001C03045311

**Instructions:**
Please place this sheet on top of the document to be scanned.

10/6/10          First Legal          4156261331

ORIGINAL

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Washington Mutual Bank, FA, a business entity, JPMorgan Chase, a business entity and Does 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

George Machabeli, an individual, Khatuna Machabeli, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of San Francisco Civic Center-400 McAllister Street, San Francisco, CA 94102 | CASE NUMBER *(Número del Caso):* **CGC-10-504456** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew Mellen-Louis|White & Associates, 5600 H Street, Suite 100, Sacramento, CA 95819 (916) 594-7241

CLERK OF THE COURT

| DATE: *(Fecha)* OCT - 6 2010 | Clerk, by *(Secretario)* **BEASO** | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):*

   under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

FAXED
FIRST LEGAL SUPPORT SERVICES

10/6/10    First Legal    4156261331

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Jamil L. White (244028)
Matthew Mellen (233350)
LOUIS | WHITE & ASSOCIATES
5600 H Street, Suite 100, Sacramento, CA 95819
TELEPHONE NO: (916) 594-7241 FAX NO: (916) 594-7247
ATTORNEY FOR *(Name):* George Machabeli and Khatuna Machabeli

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center

CASE NAME:
Machabeli, et al. v. Washington Mutual Bank, FA., et al.

**F I L E D**
San Francisco County Superior Court

OCT - 6 2010

CLERK OF THE COURT
BY: _____
Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-10-504456<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☑ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* (7) Seven
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/05/2010
Matthew Mellen
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**FAXED**
FIRST LEGAL SUPPORT SERVICES

CERTIFICATE OF SERVICE

GEORGE MACHABELI and
KHATUNA MACHABELI,

Plaintiffs,

v.

WASHINGTON MUTUAL BANK, FA;
a business entity; JPMORGAN CHASE
BANK, N.A., a business entity; and
DOES 1 through 100, inclusive,

Defendants.

**CERTIFICATE OF SERVICE**

**Case No.:**

I hereby certify that on **July 6, 2011**, I caused the following documents:

**THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON MUTUAL BANK'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

to be filed with the Clerk of Court. I further certify that I caused a copy of the foregoing documents to be mailed, to the following non-ECF participants as follows:

**Plaintiff's Counsel**
Jamil White, Esq.
Matthew Mellen, Esq.
WHITE MELLEN
5600 H Street, Suite 100
Sacramento, California 95819
Tel: (916) 594-7241
Fax: (916) 594-7247

**JP Morgan's Counsel**:
Theodore E. Bacon, Esq.
ADORNO YOSS ALVARADO & SMITH
633 W. Fifth Street, Ste. 1100
Los Angeles, CA 90071
(213) 229-2400

Dated: July 6, 2011

Emanuela Gomez

4

FDIC, AS RECEIVER FOR WASHINGTON MUTUAL BANK'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT
COURT, NORTHERN DISTRICT OF CALIFORNIA (FDIC-020)